IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EXPRESS CARD SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERFLY, INC.,<br><br>CARDSDIRECT, LLC,<br><br>WAL-MART STORES, INC.,<br><br>WALGREEN CO.,<br><br>and<br><br>CVS CAREMARK CORPORATION,<br><br>Defendants. | Case No. 6:10-cv-514<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Express Card Systems, LLC, ("Plaintiff") files this Compliant against Shutterfly, Inc., CardsDirect, LLC, Wal-Mart Stores, Inc., Walgreen Co., and CVS Caremark Corporation (collectively "Defendants") for infringement of United States Patent No. 5,751,590 (hereinafter the "'590 patent"), a copy of which is attached as Exhibit A.

## JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes.

1

3. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants have committed acts of infringement in this district and/or are deemed to reside in this district.

4. Plaintiff is a Texas limited liability company located in Frisco, TX.

5. Defendant Shutterfly, Inc. ("Shutterfly") is a Delaware corporation with its principal place of business in Redwood City, California. On information and belief, this Court has personal jurisdiction over Shutterfly and venue is proper in this district because Shutterfly has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

6. Defendant Walgreen Co. ("Walgreens") is an Illinois corporation with its principal place of business in Deerfield, Illinois. On information and belief, this Court has personal jurisdiction over Walgreens and venue is proper in this district because Walgreens has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

7. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business in Bentonville, Arkansas. On information and belief, this Court has personal jurisdiction over Wal-Mart and venue is proper in this district because Wal-Mart has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

8. Defendant CardsDirect, LLC ("CardsDirect") is a Texas corporation with its principal place of business in Plano, Texas. On information and belief, this Court has personal

jurisdiction over CardsDirect and venue is proper in this district because CardsDirect has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

9. Defendant CVS Caremark Corporation ("CVS") is incorporated in Delaware with its principal place of business in Woonsocket, Rhode Island. On information and belief, this Court has personal jurisdiction over CVS and venue is proper in this district because CVS has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

10. On information and belief, Defendants' products that are alleged herein to infringe were and continue to be made, used, imported, offered for sale and/or sold in Texas, including in this judicial district and/or Defendants' practices that are alleged herein to infringe were and continue to be conducted in the state of Texas, including in this judicial district.

11. This court has personal jurisdiction over defendants because defendants have committed acts of infringement in this district; do business in this district; have systematic and continuous contacts in this district and/or have consented to jurisdiction here.

## COUNT I

### (INFRINGEMENT OF UNITED STATES PATENT NO. 5,751,590)

12. Plaintiff incorporates paragraphs 1 through 11 herein by reference.

13. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

14. Plaintiff is the exclusive licensee of the '590 patent with rights to enforce the '590 patent and sue infringers.

15. The '590 patent, titled "System for Printing Social Expression Cards," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### SHUTTERFLY

16. On information and belief, Shutterfly has and continues to directly infringe one or more claims of the '590 patent, including at least claim 1, by making, using, offering for sale, selling and/or practicing the methods covered by one or more claims of the '590 patent, including, but not limited to claim 1, via Shutterfly's activities related to processing images to define social expression cards in a computer database.

### CARDSDIRECT

17. On information and belief, CardsDirect has and continues to directly infringe one or more claims of the '590 patent, including at least claim 1, by making, using, offering for sale, selling and/or practicing the methods covered by one or more claims of the '590 patent, including, but not limited to claim 1, via CardsDirect's activities related to processing images to define social expression cards in a computer database.

### WAL-MART

18. On information and belief, Wal-Mart has and continues to directly infringe one or more claims of the '590 patent, including at least claim 1, by making, using, offering for sale, selling and/or practicing the methods covered by one or more claims of the '590 patent, including, but not limited to claim 1, via Wal-Mart's activities related to processing images to define social expression cards in a computer database.

## WALGREENS

19. On information and belief, Walgreens has and continues to directly infringe one or more claims of the '590 patent, including at least claim 1, by making, using, offering for sale, selling and/or practicing the methods covered by one or more claims of the '590 patent, including, but not limited to claim 1, via Walgreens' activities related to processing images to define social expression cards in a computer database.

## CVS

20. On information and belief, CVS has and continues to directly infringe one or more claims of the '590 patent, including at least claim 1, by making, using, offering for sale, selling and/or practicing the methods covered by one or more claims of the '590 patent, including, but not limited to claim 1, via CVS's activities related to processing images to define social expression cards in a computer database.

## ADDITIONAL ALLEGATIONS AGAINST ALL DEFENDANTS

21. Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

22. On information and belief, Defendants' infringement of the '590 patent, since at least service of this action, has been and continues to be willful.

23. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

24. Plaintiff has complied with 35 U.S.C. § 287.

25. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint;

(b) Enjoin the Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with the Defendants who receive notice of the order from further infringement of United States Patent No. 5,751,590;

(c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff and ongoing royalty rate for Defendants' post-judgment infringement;

(e) Find Defendants' infringement to be willful;

(f) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

(g) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

(h) Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

(i) Award Plaintiff interest and costs; and

(j) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues properly triable by jury in this action.

DATED: October 1, 2010

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

/s/ Timothy E. Grochocinski
Timothy E. Grochocinski
Anthony G. Simon
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
teg@simonlawpc.com

***ATTORNEYS FOR PLAINTIFF***