**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| EXPRESS CARD SYSTEMS, LLC, <br><br>                         Plaintiff, <br><br>     v. <br><br> SHUTTERFLY, INC., <br> CARDSDIRECT, LLC, <br> WAL-MART STORES, INC., <br> WALGREEN CO., <br> and <br> CVS CAREMARK CORPORATION, <br><br>                    Defendants. | Civil Action No. 6:10-cv-514 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SHUTTERFLY, INC.'S ANSWER AND COUNTERCLAIMS TO
COMPLAINT**

Defendant Shutterfly, Inc. ("Shutterfly") respectfully submits its Answer and

Counterclaims to the Complaint of Plaintiff Express Card Systems, LLC ("Express Card"), filed

October 1, 2010, and states as follows:

1.　　In response to paragraph 1 of the Complaint, Shutterfly admits that this action

purports to arise under Title 35 of the Untied States Code and that Express Card Systems

purports to seek injunctive relief as well as damages, but otherwise denies the allegations of

paragraph 1.

2.　　In response to paragraph 2 of the Complaint, Shutterfly admits that jurisdiction is

proper pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents), but otherwise

denies the allegations of paragraph 2.

3.　　In response to paragraph 3 of the Complaint, Shutterfly denies the allegations to the

extent that they are alleged against Shutterfly.  Shutterfly lacks sufficient information to admit or

deny the remaining allegations contained therein and on that basis denies them.

4.    In response to paragraph 4 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

5.    In response to paragraph 5 of the Complaint, Shutterfly admits that Shutterfly, Inc. is a Delaware corporation with its principal place of business in Redwood City, CA.  Shutterfly denies the remaining allegations contained therein.

6.    In response to paragraph 6 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

7.    In response to paragraph 7 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

8.    In response to paragraph 8 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

9.    In response to paragraph 9 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

10.    In response to paragraph 10 of the Complaint, Shutterfly denies the allegations to the extent they are alleged against Shutterfly.  Shutterfly further alleges that its method of processing images occurs solely outside the State of Texas and that its systems for printing cards (which may not be accused of infringing the '590 patent) are also located outside the State of Texas.  Shutterfly further alleges that this District may not be a proper forum or the most convenient forum for this action against Shutterfly.  Shutterfly lacks sufficient information to admit or deny the allegations against other Defendants contained therein and on that basis denies them.

11.     In response to paragraph 11 of the Complaint, Shutterfly denies the allegations to the extent that they are alleged against Shutterfly.  Shutterfly lacks sufficient information to admit or deny the remaining allegations contained therein and on that basis denies them.

## COUNT I

12.     Shutterfly incorporates by reference its response to paragraphs 1-11 of the Complaint.

13.     In response to paragraph 13 of the Complaint, Shutterfly admits that this action purports to arise under Title 35 of the Untied States Code, and in particular, 35 U.S.C. §§ 271 *et seq*.  Shutterfly denies the remaining allegations contained therein.

14.     In response to paragraph 14 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

15.     In response to paragraph 15 of the Complaint, Shutterfly admits that the first page of U.S. Patent No. 5,751,590 (the '590 patent) indicates that it is entitled "System for Printing Social Expression Cards."  Shutterfly denies the remaining allegations contained therein.

## SHUTTERFLY

16.     In response to paragraph 16 of the Complaint, Shutterfly denies the allegations contained therein.

## CARDSDIRECT

17.     In response to paragraph 17 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

## WAL-MART

18.     In response to paragraph 18 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

## WALGREENS

19.    In response to paragraph 19 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

## CVS

20.    In response to paragraph 20 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

## ADDITIONAL ALLEGATIONS AGAINST ALL DEFENDANTS

21.    In response to paragraph 21 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

22.    In response to paragraph 22 of the Complaint, Shutterfly denies the allegations to the extent that they are alleged against Shutterfly.  Shutterfly lacks sufficient information to admit or deny the remaining allegations contained therein and on that basis denies them.

23.    In response to paragraph 23 of the Complaint, Shutterfly denies the allegations to the extent that they are alleged against Shutterfly.  Shutterfly lacks sufficient information to admit or deny the remaining allegations contained therein and on that basis denies them.

24.    In response to paragraph 24 of the Complaint, Shutterfly lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

25.    In response to paragraph 25 of the Complaint, Shutterfly denies the allegations to the extent that they are alleged against Shutterfly.  Shutterfly lacks sufficient information to admit or deny the remaining allegations contained therein and on that basis denies them.

## PRAYER FOR RELIEF

Shutterfly denies that Express Card is entitled to any of the relief sought in its Prayer for

Relief to the extent relief is sought against Shutterfly.  To the extent that the Prayer for Relief contains any factual allegations against Shutterfly, Shutterfly denies them.

## DEMAND FOR JURY TRIAL

Shutterfly admits that Express Card demands a trial by jury.

## SHUTTERFLY'S DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Shutterfly asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST DEFENSE
### (Invalidity)

26.     One or more claims of the '590 patent (the "patent-in-suit") are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 41, 101, 102, 103, 112, 115, 116, and 132 of Title 35, and/or under the doctrine of obviousness-type double patenting.

## SECOND DEFENSE
### (Non-Infringement)

27.     Shutterfly does not and has not infringed, induced infringement of, or contributed to the infringement of, any claim of the '590 patent, either individually or jointly with any other person or entity.

## THIRD DEFENSE
### (Prosecution History Estoppel)

28.     The actions taken and representations made before the United States Patent and Trademark Office in procuring the '590 patent as well as during the examination of related patents, preclude Express Card from asserting or construing the claims of the '590 patent in a way that would cover or read upon any product, system, service or method made, used, sold, or

offered for sale by Shutterfly, or made, used, sold, or offered for sale by another person or entity whose conduct forms the basis of an allegation that Shutterfly contributed to or induced infringement.

**FOURTH DEFENSE**
**(Laches)**

29.     By no later than 2002, Thomas G. Cannon and Daniel L. DeHart, two of the named inventors of the '590 patent and the purported representatives of the assignee of record of the '590 patent, were aware of Shutterfly and of the products, systems, or methods of operation that serve as the basis for the assertion of infringement against Shutterfly in this action.

30.     In 2002, Cannon and DeHart approached Shutterfly in California about licensing several patents, including the '590 patent.  Shutterfly responded to Cannon and DeHart by providing them with, amongst other information, a written non-infringement analysis on several patents, including the '590 patent, on or about September 5, 2002.  Shutterfly also engaged in discussions with these named inventors as representatives of the assignee of the '590 patent and agreed to allow one of the named inventors to tour Shutterfly's California facilities in 2002.

31.     Shutterfly did not take a license or offer to take a license to the '590 patent in 2002 or thereafter, and at no time from 2002 to the filing of the Complaint in 2010 has anyone asserted that Shutterfly infringed the '590 patent.  Shutterfly is informed and believes, and on that basis alleges, that its products, services, systems and/or methods of operation, to the extent that they serve as the basis for the allegations of infringement in this action or arguably relate to the '590 patent, are in all material respects the same now as they were in 2002.

32.     Express Card's claims against Shutterfly are barred in whole or in part by the doctrine of laches.

**FIFTH DEFENSE**
**(Other Equitable Defenses)**

33.     Shutterfly incorporates by reference paragraphs 1-32 as if fully set forth herein.

34.     Any claim for damages or equitable relief by Express Card is barred by the equitable doctrines of waiver, equitable estoppel, acquiescence, implied license, unclean hands, and by any other applicable equitable doctrine.

**SIXTH DEFENSE**
**(Adequate Remedy at Law)**

35.     Express Card has an adequate remedy at law, and no basis exists for the grant of equitable relief.

**SEVENTH DEFENSE**
**(Statute of Limitations)**

36.     To the extent Express Card seeks recovery for any alleged infringement committed more than six years prior to the filing of the Complaint, such recovery is barred by 35 U.S.C. § 286.

**EIGHTH DEFENSE**
**(Failure to Mark)**

37.     To the extent Express Card or its licensees, or any other licensees of the '590 patent, have failed to mark any system, product or service to which the '590 patent is claimed to apply, 35 U.S.C. § 287 limits recovery to any such damages as Express Card allegedly incurred subsequent to Express Card's providing a specific notice of alleged infringement to Shutterfly, which Shutterfly alleges did not occur prior to the filing of the Complaint.

**NINTH DEFENSE**
**(Limitation on Recovery of Costs)**

38.     Upon information and belief, Express Card is precluded from seeking recovery of its costs under 35 U.S.C. § 288.

## ADDITIONAL DEFENSES
### (Reserved)

39.     Shutterfly specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial, or otherwise.

## COUNTERCLAIMS

### (Declaratory Judgment as to the '590 Patent)

40.     Shutterfly incorporates by reference paragraphs 1-39 as if fully set forth herein.

41.     Shutterfly is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2800 Bridge Parkway, Suite 101, Redwood City, California 94065.

42.     Upon information and belief, Express Card is a Texas limited liability company located in Frisco, TX.

43.     By its Complaint, Express Card alleges that Shutterfly has infringed the '590 patent. Shutterfly has denied these allegations.  A justiciable controversy therefore exists between Express Card and Shutterfly.

44.     A judicial declaration is necessary and appropriate at this time so that Shutterfly may ascertain its rights and duties with respect to the '590 patent.

45.     These counterclaims arise under federal statutory law, including 35 U.S.C. §§ 271 *et seq.* and 28 U.S.C. § 2201.  Accordingly, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Additionally, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court presently has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

46.     By filing its Complaint in this district, Express Card has consented to the personal jurisdiction of this Court.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of the '590 Patent)**

47.    Shutterfly incorporates by reference paragraphs 1-46 as if fully set forth herein.

48.    Shutterfly does not and has not infringed, directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '590 patent.

49.    Express Card is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '590 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Shutterfly.

## COUNT TWO

**(Declaratory Judgment of Invalidity of the '590 Patent)**

50.    Shutterfly incorporates by reference paragraphs 1-49 as if fully set forth herein.

51.    One or more claims within the '590 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 41, 101, 102, 103, 112, 115, 116, and 132 of Title 35, and/or under the doctrine of obviousness-type double patenting.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Shutterfly prays for relief as follows:

A.    that the Court enter judgment in favor of Shutterfly and against Express Card;

B.    that the Court find that Shutterfly has not infringed and is not infringing the '590 patent and enter declaratory judgment that Shutterfly has not infringed and is not infringing the '590 patent;

C.    that the Court find that the '590 patent is invalid and enter declaratory judgment that the '590 patent is invalid;

E.      that Express Card take nothing by its Complaint against Shutterfly;

F.      that the Court deny any and all of Express Card's requests for injunctive relief;

G.      that the Court deny any and all of Express Card's requests for equitable relief;

H.      that the Court dismiss Express Card's Complaint in its entirety, with prejudice;

I.      that the Court find this case exceptional under 35 U.S.C. § 285, and award

Shutterfly its costs and fees in this action, including attorneys' fees, and pre-judgment interest

thereon; and

J.      that the Court grant Shutterfly such other and further relief as the Court deems

just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Shutterfly hereby demands a

trial by jury of all issues triable of right by a jury in the above-captioned case.

Dated: December 27, 2010                    Respectfully submitted,

                                             /s/  Andrew E. Monach
                                            Andrew E. Monach (amonach@mofo.com)
                                            Eric W. Ow (eow@mofo.com)
                                            MORRISON & FOERSTER LLP
                                            425 Market Street
                                            San Francisco, California  94105
                                            Tel: (415) 268-7000
                                            Fax: (415) 268-7522

                                            Otis Carroll (State Bar No. 03895700)
                                            Deborah Race (State Bar No. 16448700)
                                            IRELAND, CARROLL & KELLEY, P.C.
                                            6101 S. Broadway, Suite 500
                                            Tyler, Texas 75703
                                            Tel: (903) 561-1600
                                            Fax: (903) 581-1071

                                            **Attorneys for Defendant SHUTTERFLY, INC.**

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 27th day of December 2010.  Any other counsel of record will be served via electronic mail or facsimile transmission.

           /s/ Andrew E. Monach               

                  Andrew E. Monach

sf-2934403